Chang Lan QU, Petitioner,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Attorney General
Gonzales,*

No. 03–40583.

United States Court of Appeals,
Second Circuit.

May 27, 2005.

Bruno Joseph Bembi, Hempstead, N.Y.,
for Petitioner.

Richard M. Bernstein, Assistant United
States Attorney (Virginia A. Gibson, Assistant United States Attorney), for Patrick
L. Meehan, United States Attorney for the
Eastern District of Pennsylvania, for Respondent, of counsel.

Present: KATZMANN, HALL, Circuit
Judges and MURTHA, District Judge.**

### SUMMARY ORDER

Chang Lan Qu ("Qu"), a native and citizen of the People's Republic of China,
petitions this Court for review of a September 17, 2003 order by the Board of
Immigration Appeals ("BIA") denying his
motion for the BIA to reconsider its February 12, 2003 denial of his motion to
reopen exclusion proceedings. Qu initially
moved to reopen the exclusion proceedings—which had taken place some years
earlier and which ended, on April 11, 1996,
with the BIA's affirmance of the Immigration Judge's ("IJ") decision to deny Qu's

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.
Gonzales is automatically substituted for former Attorney General John Ashcroft as one of
the respondents in this case.

** The Honorable J. Garvan Murtha, United
States District Judge for the District of Vermont, sitting by designation.

452

applications for asylum and withholding of exclusion—in connection with two intervening changes in immigration law: (1) the new definition of "refugee" set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009; and (2) the implementation of the Convention Against Torture.

We review the denial of a motion to reconsider for abuse of discretion. *See, e.g., Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). Such an abuse of discretion may exist where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Id.* at 93 (internal citations omitted).

We conclude that the BIA did not here abuse its discretion in denying Qu's motion for reconsideration. When the BIA originally denied Qu's motion to reopen exclusion proceedings on February 12, 2003, the BIA noted that Qu "failed to submit any documentary or medical evidence of his [claimed] sterilization, nor has he explained his failure to do so." As a result, the BIA held that "notwithstanding recent changes in the law, the applicant has failed to establish a *prima facie* showing of eligibility for asylum or protection under the Convention Against Torture." *See* 8 C.F.R. § 208.18(b)(2)(ii). Because Qu's motion for reconsideration failed to specify any error of law or fact committed by the BIA when it disposed of Qu's motion to reopen exclusion proceedings, the BIA properly denied Qu's motion for reconsideration. *See* 8 C.F.R. § 1003.2(b). We note, as well, that to the extent Qu challenges factual determinations made during the original exclusion proceedings, includ-

ing the IJ's determination that Qu was not credible, such challenges are not properly before us, and we will not consider them. *Cf. Zhao,* 265 F.3d at 90.

Accordingly, for the reasons stated above, the petition is **DENIED** and the order of the Board of Immigration Appeals is **AFFIRMED.**